UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STACY ANTONIO SCOTT, JR.,

    Plaintiff,

v.                                            Case No. 3:20cv5968-MCR-HTC

LEAH JAMES FRAME, et al.,

    Defendants.
_____/

### ORDER and REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* civil rights complaint, filed pursuant to 42 U.S.C. § 1983. ECF Doc. 1. The Court previously granted Plaintiff leave to proceed *in forma pauperis* and finds the complaint is sufficient to be served on most, but not all, defendants. Thus, for the reasons set forth below, the undersigned recommends the claims against Defendants Inch, Santiago, Smith, Fernandez, and Carr be dismissed. The Court further orders Plaintiff to provide the requisite service copies for each of the remaining defendants.

**I.  RECOMMENDATION OF DISMISSAL OF CERTAIN DEFENDANTS**

Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), currently incarcerated at Blackwater River Correctional Facility, files this action against forty-two (42) defendants, who are officers or employees of the

FDOC.  The claims against the Defendants arise out of various alleged instances of excessive force.

The undersigned has reviewed the complaint under 28 U.S.C. §§ 1915(e) and 1915A and finds Plaintiff's claims against Secretary Inch, Assistant Warden Santiago, Assistant Warden Smith, Inspector General Fernandez, and Captain Carr should be dismissed for failure to state a claim.  *See* §§ 1915(e) and 1915A (authorizing the Court to dismiss those claims which are frivolous, malicious, fail to state a claim or are against defendants who are immune from liability).

Plaintiff's allegations against Inch, Santiago, Smith and Fernandez are as follows: "On September 29, 2019, Plaintiff mailed a letter to Inch and Fernandez via legal mail in regards to the assaults, interception of her grievances and starvation. Plaintiff's mother, sister and other family members also contact Inch, Fernandez, . . . Smith, and Santiago in regards to these matters.  They were told they'd look into it when they got to it, but took no action."  ECF Doc. 1 at 15.

Thus, it appears that Plaintiff is seeking to hold Inch, Smith, Fernandez and Santiago liable for failing to respond to a grievance or conduct an investigation. Neither of those grounds, however, support a constitutional violation.  First, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied."  *Jones v. Eckloff*, 2013 WL 6231181, at *4

(M.D. Fla. Dec. 2, 2013) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)). Second, "prisoners do not have a constitutional right to any specific kind of investigation by prison officials." *Fulmore v. Andre*, No. 8:12-CV-1705-T-30EAJ, 2012 WL 4856938, at *3 n.8 (M.D. Fla. Oct. 12, 2012) (citing *Luster v. Jones*, Civil Action No. 2:09-CV-832-TMH, 2012 WL 1987170, at *13 (M.D. Ala. Apr. 30, 2012) ("The failure to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation. Inmates simply do not enjoy a constitutional right to an investigation of any kind by government officials.").

At best, Plaintiff appears to be seeking to hold these Defendants liable for the conduct of others, but supervisory officials are not liable under § 1983 on the basis of *respondeat superior* or vicarious liability. *Belcher v. City of Foley, Ala.,* 30 F.3d 1390, 1396 (11th Cir. 1994). Instead, they may be held liable only if (1) they personally participated in the allegedly unconstitutional conduct or (2) there is a causal connection between their actions and the alleged constitutional deprivation. *Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008).

A plaintiff can establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003), that a supervisor's "custom or policy . . . resulted in deliberate indifference to

constitutional rights," *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991), or there is a history of widespread conduct such that the responsible supervisor was put on notice of the need to correct the alleged deprivation, and he failed to do so, *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990).  The deprivations that constitute widespread conduct sufficient to notify the supervising official must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*.

Plaintiff, however, has not alleged facts sufficient to show that Inch, Smith, Santiago, or Fernandez personally participated in any alleged unconstitutional conduct or that there is a causal connection between their conduct and the alleged constitutional violation.  As set forth above, Plaintiff's sole allegation as to these defendants is that they did not respond to his grievances or complaints from family members.  Plaintiff has not alleged that there was a custom or policy implemented by these supervisory officials that resulted in the alleged excessive force incidents.  Plaintiff has not alleged a history of widespread abuse that resulted in the alleged excessive force incidents.  There is no allegation the alleged wrongful conduct by the individual officers against Plaintiff occurred with other inmates.  Moreover, Plaintiff does not allege the beatings or harassment took place after the grievances were submitted to these defendants.  Therefore, the failure to respond to the grievances or complaints cannot be the cause of Plaintiff's complained-of injuries.

Case No. 3:20cv5968-MCR-HTC

Plaintiff also has not alleged facts sufficient to state ae claim against Captain Carr. Plaintiff's sole allegation as to Carr is contained in paragraph 17. There, Plaintiff alleges Carr and an unknown guard escorted Plaintiff to "the Center Gate of Santa Rosa" where, subsequently, an attack occurred. Plaintiff does not allege Carr was present when the attack began, that Carr knew the attack was going to occur, or that Carr participated in the attack.

Accordingly, for the reasons set forth above, the undersigned recommends the claims against Inch, Fernandez, Smith, Santiago, and Carr be dismissed. However, because the undersigned finds the claims as alleged against the other thirty-seven (37) defendants sufficient to be served, the undersigned also orders Plaintiff to provide the requisite copies.

## II. SERVICE COPIES

Plaintiff is not responsible for the costs of service, as Plaintiff is proceeding *in forma pauperis*. Plaintiff is responsible, however, for providing the Court with thirty-seven (37) service copies of the complaint (ECF Doc. 1). The service copies must be identical to the complaint filed with the Court.

Alternatively, the clerk can make service copies of the complaint for the Plaintiff, but Plaintiff must first prepay $ .50 per page. As the complaint is 35 pages long, Plaintiff must pre-pay $647.50 to the clerk if Plaintiff wishes for the clerk to make the copies. Upon receipt of the service copies, or payment for the clerk to

make them, the undersigned will direct the United States Marshals Service to serve the thirty-seven (37) defendants.

Accordingly, it is ORDERED that:

1. Within **fourteen (14) days** from the date of this order, Plaintiff shall submit to the Court thirty-seven (37) service copies of the complaint (ECF Doc. 1) or provide $647.50 to the clerk if Plaintiff wishes for the clerk to make the copies. The service copies must be identical to the complaint filed with the Court. This case number should be written on the copies.

2. Failure to submit the service copies as instructed may result in a recommendation that this case be dismissed for Plaintiff's failure to prosecute or failure to comply with a Court order.

IT IS FURTHER RECOMMENDED that,

1. Plaintiff's claims against Santiago, Smith, Fernandez, Inch, and Carr be dismissed for failure to state a claim.

2. The clerk be directed to terminate Santiago, Smith, Fernandez, Inch, and Carr as defendants.

DONE AND ORDERED this 29th day of December, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:20cv5968-MCR-HTC